Curia, per

Earle, J.
The Act of 1825,(a) which requires a division of the roads among the commissioners, makes each of them responsible for those within the division assigned to him, and subjects him to the same penalties that the entire board was subject to before, and renders him liable to be proceeded against in the same manner. The question made here, formerly arose in Young vs. The Commissioners, (2 N. & McC. 537,) which was an action on the case, for an injury done to the plaintiff’s wagon and horses, sustained by the breaking of an insufficient bridge ; and it was held that the action could not be maintained. The grounds upon which the decision is put in that case, are unsatisfactory and very briefly considered, and the case of Russell vs. The Men of Devon, (2 T. R., 667,) mainly relied on, does not seem to have been very accurately examined. That such a precedent, if allowed, would lead to an infinity of actions, was assigned by Lord Kenyon, as a reason of some weight for not incorporating into the law what was regarded as a new principle. But it was held that such an action would not lie against the county, as it was not a corporation, and had no corporate funds, out of which satisfaction could be made. If damages were recovered, they must be levied on one or two individuals, who would have no means of reimbursing themselves, except by bringing separate actions against each individual of the county, for his proportion, which would be intolerable ; and a case is cited from Bro. Abr. as authority for the position that, in such case, an action will not lie for an individual.
*Here, as in England, the public roads and bridges are required to be kept in repair by the labor and at the expense of the people of each district or parish, as the case may be; and in the absence of a board of there would be the same reason for the people of each district or parish liable to be sued, that was urged in Russell vs. The Men of Devon, and there would be the same conclusive argument against their liability. The board of commissioners represent *146 the people of the district or parish for which they are appointed, and are clothed by law with a certain authority to act for the public. They are not a corporation, and have no corporate funds ; nor, since the Act of 1825, has the individual commissioner charged with the superintendence of a particular road division. The duty of keeping the roads and bridges in repair is prescribed and regulated by the statute, a duty imposed on the commissioners, under a penalty for refusing to serve, as well as for not repairing, recoverable by indictment; and it would be against every principle of justice and right, to hold them responsible, out of their private estates, for every injury that an individual may sustain, as well as liable to be indicted for every neglect of duty ; to compel them to serve, and then subject them to a liability, from which their constituents and employers are exempt. We cannot suppose that such was the intention of the Legislature. There are cases in which an individual or corporation may be bound to repair a bridge or road, by reason of the grant of a toll. The obligation to repair, with ordinary diligence, is a condition of the grant, and as a compensation is received in every instance, for the use, whosoever sustains an injury from the want of repair, may maintain an action. But it is otherwise with the commissioners of, roads, and on principle, as well as authority, we conceive that this action will not lie.
See 1 Rich. 345 ; 1 Sp. 219 ; 2 Sp. 553. An.
The motion to reverse the judgment of the Circuit Court is refused.
The whole Court concurred.

 9 Stat. 558. An.